

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-09-220-CR

KENNETH DWAYNE SPRADLIN                                          APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

------------

A jury convicted Appellant Kenneth Dwayne Spradlin of indecency with a child by contact and assessed his punishment at five years' confinement. The trial court sentenced him accordingly. In one point, Appellant contends that the trial court erred by "applying state evidentiary rule thereby denying [him] the constitutional right to fully confront his accuser by questioning her about her

---

[1] ... *See* Tex. R. App. P. 47.4.

possible motives, bias, and prejudice to such an extent that [he] could not present a vital defensive theory." Because we hold that the trial court did not abuse its discretion by excluding the proffered evidence, we affirm the trial court's judgment.

Outside the presence of the jury, Appellant offered evidence of a prior sexual abuse complaint made by the complainant against Christopher Mark Cain. The complainant testified outside the jury's presence that Cain had been a family friend, that she had told her school counselor in Granbury that he had molested her, that she had never recanted, that she had never told Child Protective Services (CPS) that it had not happened, that the police never talked to her about the allegations, and that the incident "really happened."

Cain testified outside the jury's presence that the complainant and her family had lived with his aunt in Johnson County, that the complainant's family members were "back stabbers," and that in late 2004 or 2005, a CPS caseworker called him and said "that there was a case against [him] through them on supposedly touching [the complainant in the] wrong way." He testified that he had denied the allegation and never heard anymore about it from CPS or the complainant's family. He contended that the complainant's family fabricated the allegation against him because he had stopped helping them. On cross-examination, when asked whether it was his testimony that he

2

had never touched the complainant at all, even innocently, he answered, "Pretty much." He also admitted that he had been arrested for indecency with a child, apparently involving another child.

Finally, the defense also offered Katy Love's grand jury testimony outside the jury's presence. Her testimony provides that she had been a CPS investigator in Johnson County for a little more than three years and that she had never heard the complainant make an outcry against anyone other than Appellant. Love also testified that she was not aware of the complainant ever recanting any allegation of sexual abuse or of any tape containing a recantation.

Appellant explained that he wanted to put the evidence

on the record and show the Court that she did recant and that that's why [Cain] wasn't prosecuted because of her recantation. And we believe the fact that she said it and the fact that it got recanted is admissible to show her habit, her motive for reasons for making this story up against my client.

The trial court excluded all the evidence regarding the prior complaint. Later, Appellant's trial counsel "assert[ed] one more time the defense['s] desire to ask those questions that were asked of [the complainant] outside the presence of the jury and also the testimony of Christopher Cain and [Love's grand jury testimony] before the jury." The trial court again excluded the evidence. That afternoon, the jury received the case. The next morning, Appellant filed a motion to allow extrinsic evidence, raising a constitutional complaint.

3

We agree with the State that Appellant's motion to allow extrinsic evidence was untimely and that his constitutional complaint was not preserved, but we believe that his earlier objections sufficiently preserved his complaints under rules 404(b) and 412.[2]  However, nothing in the proffered evidence indicates that the complainant recanted her accusations against Cain or that the child had a motive to make up accusations against Appellant, who admitted to former Texas DPS Officer Tony Scorcio that he had kissed the complainant on numerous occasions and stated that he "might have" touched her breast.  We therefore hold that the trial court did not abuse its discretion by excluding the proffered evidence.[3]

We consequently overrule Appellant's sole point and affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 29, 2010

---

[2] *See* Tex. R. Evid. 404(b), 412(b)(2), (c).

[3] *See Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g).

4